Cunningham, J.
Appellee, plaintiff below, filed its claim consisting of two promissory notes in the probate court of Gilpin county, against tlie estate of James A. Gilmour, deceased. The claim was allowed by the county court, and on appeal by the administratrix to the district court, judgment again went in favor of appellee.
1. The principal witnesses called by appellee on the trial in the district court were H. J. Hawley, who was an officer and stockholder of appellee, and Charles E. Wiley, a director and stockholder in said corporation. Their testimony was essential to a recovery in the' case under any view that may be taken.
Immediately after each of these witnesses were sworn, appellant, by her attorneys, objected to his competency on the ground that they were disquali.fied under sec. 7267 R. S. That they were so disqualified is apparent. But appellee insists that their disqualification was waived by the fact that appellant made no objection to their being sworn; in other words, raised the objection after the oath had been administered, but before any question whatever had been propounded to the witness. It relies upon the case of Milsap et al. v. Stone, 2 Colo. 137. In the *309 Milsap case it appears that the witness objected to was the plaintiff in the case, and her name appeared of record as such. The case had been previously-tried, hence her disqualification must have been just as apparent before she was sworn as afterwards. In the case at bar neither of the witnesses were parties to the suit. Their disqualification could only he made apparent by their examination. It is true they might have been sworn on their voir clire, and in this manner their disqualification could have been disclosed before they were sworn in the main case, or in chief, but we know of no authority in this state or elsewhere which now requires this method to be pursued. It would seem highly technical to make the disposition of the objection depend upon the nature of the oath administered rather than upon the time when the objection was raised. We therefore hold that it. is not ^necessary that the objection in a ease of this character should be interposed before the witness is sworn in the main case, where the record does not, on its face, disclose the relation or interest of the witness. In 8 Enc. PI. & Pr. p. 240, it has been stated that the Milsap case is against the weight of authority. We therefore feel justified in not extending its application.
In the case of Snow v. Batchellor, 8 Cush. 513, cited in the Milsap case, it appears (a) that the witness objected to was not incompetent, and (b) “that the objection was not taken to the competency of the witness on the ground of his being an endorser of the writ at the trial.”
In the ease of Donaldson v. Taylor, 8 Pick. 390, also cited in the Milsap case, it appears (a) that the evidence admitted was not objectionable under *310 the rule (b) “still the objection came too late, being after lie was sworn and examined.”
Starlde on Evidence is also cited in the Milsap case. In Yol. 1, p. 136, (Ed. 1812) note u., we find the following:
“The ancient doctrine on this head was so strict that if a witness were, once examined in chief, or even sworn in chief, he could not afterwards be objected to on the ground of interest. This rule has been relaxed for the sake of convenience.”
The following additional authorities we believe support the rule we have announced:
Jacobs v. Layborn, 11 Meeson & Welsby 681-9; Bradner on Ev. (2nd Ed.) 164; Rapalje’s Law of Witnesses §§173-1; Phillips on Ev. Yol. 1, *p. 99; Taylor on Ev. (1th Ed.) Vol. 2, §§1211-2; Enc. of Ev. Vol. 3, p. 171 et seq.
Mr. Rapalje, in commenting on the time when the objections should be raised, says: .
“But the better and more approved practice now is to swear the witness-in-chief and bring out the facts showing his interest, either on direct or cross-examination. ’ ’
That the trial court committed reversible error in permitting the witnesses Hawley and Wiley to testify over the objection of the defendant is clear. In view of a probable retrial of the cause, there are one or two other errors alleged that may be properly considered.
2. Each of the two notes bore an endorsement of payment of $1.00 made on the day before they would have become barred under the statute of limitations. It appears from the evidence that these two payments were made under the following cir *311 cumstances: the deceased was trading with the Mercantile company, and had a running account with it. On the date of the endorsements, the bookkeeper for the company charged the defendant’s account with a cash item of $2.00 and at the same time credited each of the two notes in question with $1.00. It does not appear that the defendant was present at the time, or at any time directly or specifically authorized' any such transaction. Appellee, in order to show that the deceased ratified the act, introduced evidence on the part of. its bookkeeper that it was the custom of the company to send out monthly statements to all of its debtors, or that they had a pass book showing the state of their account; that the deceased made frequent payments on his store account after it had been charged with this cash item; that witness saw two of these pass books in the hands of the attorney for the administratrix, but he testified that deceased may have had dozens such pass books. It will be noticed that there is no direct testimony that deceased ever received from appellee a pass book containing the cash charge of $2.00. No demand was made by appellee upon the counsel for appellant to produce the pass books he had, and no offer was made to introduce any pass books. To the evidence offered, as to these pass books, appellant’s counsel objected, on the ground that it. was not the best evidence. We think, under the circumstances, this objection ought to have been sustained. Oral testimony as to the contents of the pass books ought not to have been admitted without the proper ground having first been laid.
Appellee further contends that other certain alleged insufficiencies in its evidence have been cured *312 by the fact that appellee raised the statute of limitations, and thereby, as counsel alleges, admitted the indebtedness. This does not follow. We know of no authorities that deny a defendant the right to plead defenses which are rendered inconsistent by implication of law solely. It is true that the plea of the statute of limitations is in confession and avoidance, and, by implication of law, admits the original indebtedness, but such a plea is not so inconsistent with a general denial of liability as that the proof of the one necessarily disproves the other. In the case of Adams v. Tucker, 6 Colo. 393-6, cited by counsel, the statute of limitations was the only plea interposed. Hence the case is not in point. Again, counsel urged that the fact that the notes were just debts and unpaid is established by the failure of defendant to dispute that claim. No pleading is required in a case of this sort, and it is incumbent upon the plaintiff to prove by proper evidence the validity of his claim made against the estate of a deceased person.
The judgment is reversed and remanded.

Reversed and remanded.